UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEMON MELANCON | CIVIL ACTION |
| VERSUS | NO. 16-2977 |
| CARGILL INC., D/B/A GRAIN & OIL SEED SUPPLY CHAIN | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**ORDER AND REASONS ON MOTION**

Plaintiff's "Requests for Extension of Time," Record Doc. No. 30, are pending before me. Defendant filed a timely opposition memorandum. Record Doc. No. 33. Having considered the motion papers, the record and the applicable law, **IT IS ORDERED** that the motion is DENIED IN PART AND DEFERRED IN PART as follows.

Plaintiff's motion requests the extension of three deadlines, two of which have already been extended twice to accommodate him: (1) the previously extended April 25, 2017 deadline to provide responses to defendant's outstanding discovery requests as required in the court's prior order, Record Doc. No. 20; (2) the previously extended April 25, 2017 deadline to file written opposition to defendant's pending motion for summary judgment; and (3) the discovery completion deadline of February 9, 2017. Record Doc. No. 6.

Where the court has entered a scheduling order setting a deadline, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested

relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC, No. 3:12-CV-0548-D, 2014 WL 80722, at *2 (N.D. Tex. Jan. 9, 2014) (quotation omitted) (citing S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003)); accord Borden v. United States, 537 F. App'x 570, 574 (5th Cir. 2013) (citing Reliance Ins. Co. v. La. Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997); Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)). The good cause standard applies to discovery deadlines established by the court, Colonial Freight Sys., Inc. v. Adams & Reese, L.L.P., 542 F. App'x 142, 145 (5th Cir. 2013); Paz v. Brush Engineered Materials, Inc., 555 F.3d 383, 390 (5th Cir. 2009), and "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" Puig v. Citibank, N.A., 514 F. App'x 483, 487-88 (5th Cir. 2013) (quoting S & W Enters., 315 F.3d at 535).

Evaluating these four factors in this case weighs heavily against a finding of good cause as to two of the requested extensions; i.e., the April 25th deadline to respond to the court's prior discovery order and defendant's pending motion for summary judgment. Plaintiff's explanation for the requested extensions is his lawyer's "sudden withdrawal and lack of proper representation." Record Doc. No. 30. The withdrawal was not sudden. Counsel represented plaintiff for the entire ten months from the date the case was filed until he withdrew at the discovery deadline. The stated reason for counsel's withdrawal was "counsel and client can no longer agree on the way this matter is to be litigated and the best strategies going forward." Record Doc. No. 17 at p. 1. The record contains no evidence

of "lack of proper representation." On the contrary, plaintiff has twice appeared before this court in person to report on the status of his representation, and he has never previously complained of deficient representation. Plaintiff himself, not his lawyer, is the source of the information necessary to meet these deadlines. Both the overdue summary judgment opposition and the court-ordered discovery responses concern information and materials that should be within plaintiff's own knowledge, possession, custody or control. Both deadlines have already been extended twice previously to accommodate plaintiff himself upon his counsel's withdrawal. Record Doc. Nos. 23 and 26.

Thus, ample time and opportunity to complete these required tasks, including two extensions of the deadline to do so, has already been provided. As the Fifth Circuit has held, neither lack of diligence nor a pro se litigant's lack of knowledge or familiarity with court rules excuses non-compliance with court orders, rules and deadlines. Puig, 514 F. App'x at 487-88 (5th Cir. 2013) (quoting S & W Enters., 315 F.3d at 535); Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593. Plaintiff has not met this burden. For these reasons, plaintiff's explanation for his need for extension of these two deadlines is unpersuasive.

As to the second factor, the requested extensions do not appear important. The deadline by which plaintiff was required to provide defendant with discovery responses that comply with the court's order compelling plaintiff to do so has lapsed. Defendant nevertheless has been able to submit a fully supported motion for summary judgment. Like these discovery responses, defendant should have all the information within his own knowledge, possession, custody and control to respond to the pending motion for summary judgment, which is based primarily on proof of plaintiff's own poor work performance. Plaintiff's position and evidence as to whether defendant's proffered reasons for its job actions against him are legitimate and non-discriminatory or merely pretext are matters that ought to be largely and already a matter of plaintiff's own knowledge and testimony.

Defendant will be prejudiced by the requests by having to spend additional time and money in defending itself, when ample time has already been permitted. Defendant has prepared its defenses, as its pending motion demonstrates. There is no good reason why plaintiff should not have already done the same. As pointed out above, two extensions of these deadlines have previously been granted, together with ample opportunity for plaintiff to obtain new representation. No further unspecified extensions of the sort sought by plaintiff are available.

Accordingly, the motion is denied insofar as it seeks an extension of the deadline for plaintiff to provide full and complete responses to defendant's discovery requests and a written opposition to defendant's motion for summary judgment. Plaintiff is hereby provided with one final opportunity to do both, including one final opportunity to file a

written response to defendant's motion for summary judgment. **IT IS ORDERED** that plaintiff must respond in writing to the motion for summary judgment and provide the previously ordered responses to defendant's discovery requests no later than **May 17, 2017**. Plaintiff's response to the summary judgment motion should include sworn affidavits, including his own, or other evidentiary materials that set forth specific facts demonstrating that there is a genuine issue of material fact for trial in this case. If no response is filed by that date, the motion for summary judgment will be deemed unopposed.

The motion is **DEFERRED** insofar as it seeks an extension of the discovery deadline. That part of the motion will be addressed as part of the court's overall assessment of all aspects of Fed. R. Civ. P. 56 when it determines the pending summary judgment motion.

New Orleans, Louisiana, this ___10th___ day of May, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE